# United States District Court

**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **ORDER OF DETENTION PENDING TRIAL** |
| V. | |
| **Juan Osberto Miranda-Perez** | Case Number: 1:14-CR-166 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

 ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

 ☐ an offense for which the maximum sentence is life imprisonment or death.

 ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.

 ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

 ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.

 ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant, age 36, was born in Guatemala and is illegally in this country. He was deported in 2003 but returned one month later. During the time he has been here he has married another illegal alien and they have raised several children.

Defendant has used two aliases.

Defendant has failed to accurately tell Pretrial Services his employment status; however (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the appearance of this defendant for trial, based on defendant's demonstrated lack of trustworthiness to-date.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 23, 2014                       /s/ Hugh W. Brenneman, Jr.
                                                *Signature of Judicial Officer*

                                                Hugh W. Brenneman, United States Magistrate Judge
                                                *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **Juan Osberto Miranda-Perez**
1:14-CR-166
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

he is not employable since he is illegal and cannot work at all. He has apparently been able to work in the past because he has used someone else's social security number, which has led to two of the charges in this case. (Defendant is also charged with two counts of health care fraud.) Defendant states he has a savings account worth $10,000 but his wife states it is worth $90,000. Mr. Miranda-Perez told the Pretrial Services office that he had sent his father $50,000 recently, but through his attorney advises that it was more like $6,000 or $7,000 over the past year.

Defendant states he and his wife purchased a home six or eight years ago which is variously valued at $45,000 to $60,000, but no one seems to know the amount of the mortgage, and thus the actual equity in the home, and thus whether this constitutes an actual tie to the community.

Neither the defendant nor his wife told Pretrial Services that they had also been employed by Spartan Foods and Valley City Linens, respectively.

Neither defendant has been detained by INS since Mr. Miranda-Perez applied for a U-Visa, being an alleged victim of an attempted homicide at his home. The U-Visa has the effect of wiping away his previous immigration violations and allowing him to get a work permit, a social security number, and a driver's license, at least for a period of four years. Defendant's wife gets the benefit of this Visa if it is approved. If it is not approved, they will be put on a path toward eventual deportation. While defense counsel would characterize this as a life-changing event, it appears that if defendant were to skip bond, this would not have a negative impact on his U-Visa application. Thus, the U-Visa application process provides no particular incentive for defendant not to flee while it is pending. Moreover, defendant and his wife both have adequate means through a large bank account and the capacity to use assumed identities to flee at will, particularly if they sense their U-Visa application process is ultimately going to be unsuccessful and they face only prison and subsequent removal.

**Part II - Written Statement of Reasons for Detention** - (continued)